Drexel A. Bradshaw (SBN 209584)
Peter N. Hadiaris (SBN 122590)
Bradshaw & Associates, P.C.
One Sansome, Thirty-fourth Floor
San Francisco, CA 94104
Phone (415) 433-4800
Fax (415) 433-4841

Attorneys for Creditor Judy Bolter

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ROBIN ELAINE WILSON,<br><br>Debtor.<br>_____<br>JUDITH BOLTER,<br><br>Plaintiff,<br>v.<br>ROBIN ELAINE WILSON,<br><br>Defendant. | CASE NO.: 16-31073 DM<br><br>ADV. NO.<br><br>CHAPTER 7<br><br>**COMPLAINT OBJECTING TO DISCHARGE AND TO DETERMINE DISCHARGEABILITY OF DEBT** |

1. Defendant Robin Elaine Wilson is the debtor in case no. 16-31073, currently pending in this district.

2. Plaintiff Judith Bolter is a creditor with a claim partially secured by a deed of trust on the property at 3027 25th St./1303 Alabama St., ("25th St. Property") and partially unsecured under §506 of the Code. The deed of trust provides that the rents and profits of the property are additional collateral for the loan.

3. This court has subject matter jurisdiction under 28 USC §1334(b), because this case arises under title 11 of the US Code. This is a core proceeding under 28 USC §157(b)(1) and (b)(2)(I) & (J).

# FIRST CAUSE OF ACTION
Objection to Discharge – Concealment of Assets
11 USC §727(a)(2)

4. The allegations of paragraphs 1-3 are incorporated by reference.

5. From October 3, 2016, when the petition was filed under chapter 11, until July 28, 2017, when the case was converted to chapter 7, Wilson was the debtor in possession of the estate.

6. While the debtor in possession, Wilson rented out the 25th St. Property, and received rents that were plaintiff's cash collateral.

7. Immediately after the petition was filed, plaintiff demanded that Wilson preserve and segregate cash collateral for plaintiff's benefit, either to pay plaintiff or to reduce the amount of the senior liens on the 25th St. Property. Wilson ignored this demand.

8. Instead, Wilson failed to segregate cash collateral and converted it to her own use and benefit, using it for personal purposes without a court order or the plaintiff's permission.

9. After the case was converted to chapter 7, plaintiff is informed and believes that Wilson continued to collect and convert rentals of the 25th St. Property.

10. Wilson collected and converted the cash collateral with the intent of hindering and defrauding plaintiff.

11. Wilson has otherwise transferred, removed, destroyed, or concealed property of the debtor or property of the estate according to proof.

# SECOND CAUSE OF ACTION
Objection to Discharge – Failure to Keep Records
11 USC §727(a)(3)

12. The allegations of paragraphs 1-3 are incorporated by reference.

13. Wilson has failed to keep and preserve recorded information and financial records from which the debtor's financial condition and business transactions might be ascertained, by:

    (a) routinely deleting e-mails after receiving them;

(b) disposing of the records of the costs of construction of improvement to the 25th St. Property, making it impossible to determine the property's capital gains tax basis;

(c) discarding invoices and other written documentation upon receipt;

(d) failing to make any effort to reconstruct her records after the court ordered them produced for her FRBP 2004 examination; and

(e) otherwise, according to proof.

14. Wilson's failure to maintain records was unjustified under all the circumstances of the case.

THIRD CAUSE OF ACTION
Objection to Discharge – False Oath
11 USC §727(a)(4)

15. The allegations of paragraphs 1-3 are incorporated by reference.

16. On June 26, 2017, Wilson falsely testified at her FRBP 2004 examination that:

(a) the 25th St. Property was her personal residence and had been for the past 20 years;

(b) the listing price of $5.0 million for the 25th St. Property was decided upon by Rita Schmid, her real estate broker, when in fact Wilson set the price that high against her advice;

(c) she did not review and sign her schedules;

17. In her Statement of Financial Affairs, Wilson falsely swore that:

(a) she did not pay any creditor more than $6400 in the three months preceding her filing, when in fact she made a preferential transfer to Discover Card;

(b) she did not give gifts of a total value exceeding to $600 to any person, when in fact she gives $1200 per month to her father.

18. On December 8, 2016 and March 31, 2017, Wilson submitted false declarations to the court, exaggerating her expenses in renting out the 25th St. Property by falsely claiming that all her grocery expenses (with one out of town exception) and utility bills were rental expenses.

19. Wilson made other false oaths according to proof.

20. Wilson made the false oaths set forth in ¶¶16-18 knowingly and fraudulently.

### FOURTH CAUSE OF ACTION
Objection to Discharge – Failure to Obey Court Order
11 USC §727(a)(6)

21. The allegations of paragraphs 1-3 are incorporated by reference.

22. On June 2, 2017, the court entered an order compelling Wilson to produce certain documents at her FRBP 2004 examination.

23. Wilson knew of the order, but refused to comply. Wilson failed to make any effort to obtain documents in her control from her attorneys and realtors, and failed to produce any documents at the examination. When offered a chance after the examination to correct her noncompliance, she refused.

### FIFTH CAUSE OF ACTION
Dischargeability of Debt – Defalcation in a Fiduciary Capacity
11 USC §523(a)(4)

24. The allegations of paragraphs 1-3, and 5-10 are incorporated by reference.

25. As debtor in possession, Wilson owed to the estate's creditors, including plaintiff, a fiduciary duty that arises from law and not any agreement of the parties to properly handle cash collateral.

26. Wilson's conversion of cash collateral to her own benefit constitutes defalcation while acting in a fiduciary capacity.

27. As a result of Wilson's conversion of cash collateral, plaintiff has been damaged through the loss of cash collateral estimated to be at least $50,000.

Therefore, Bolter requests judgment against Wilson denying her a discharge, and for a money judgment of $50,000 for conversion of cash collateral, and a determination that the money judgment is

1 | not dischargeable, costs, and attorney's fees, and such other relief as the court deems just.

2 |

3 |

4 | Dated: October 30, 2017                    Respectfully Submitted
                                                BRADSHAW & ASSOCIATES, P.C.

5 |

6 |                                             *Peter N. Hadiaris*
                                                Peter N. Hadiaris
7 |                                             Attorney for Creditor Judy Bolter

{00202365;1}