Robin Wilson
3027 25th Street
San Francisco CA 94110
415-670-0763



UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re:<br>ROBIN ELAINE WILSON,<br>Debtor.<br><br>JUDITH BOLTER,<br>Plaintiff,<br>v.<br>ROBIN ELAINE WILSON,<br>Defendant | CASE NO.: 16-31073 DM<br>ADV. NO. 17-03073<br>CHAPTER 7<br>**Plaintiff response to COMPLAINT OBJECTING TO DISCHARGE AND TO DETERMINE DISCHARGEABILITY OF DEBT** |
|---|---|

    Defendant Robin Wilson, hereby submits its Answer to the claims of Plaintiff Judy Bolter. The paragraph numbering of the responses below corresponds with the same numbering sequence of the paragraphs in Ms. Bolters claims, so that any given numbered paragraph below is the response to the same numbered paragraph in the Claims.

1.

    1. Defendant Robin Elaine Wilson is the debtor in case no. 16-31073, currently pending in this district.

2.     Plaintiff Judith Bolter is a creditor with a claim partially secured by a deed of trust on the property at 3027 25th St./1303 Alabama St., ("25th St. Property") and was unaware that she was a plaintiff in this lawsuit until Ms Wilson informed her on November 28, 2017. This lawsuit was filed by her attorneys without the claimed plaintiff's knowledge.

**ANSWER TO COUNTERCLAIMS**
Case No. 16-31073 DM

3. Ms Wilson denies each and every such allegation.

4. Wilson incorporates by reference her response above to paragraph 1-3

5. Ms Wilson agrees with this paragraph.

6.. Ms Wilson denies the allegations of this paragraph.

7. Ms Wilson denies the allegations of this paragraph.

8. Ms Wilson denies the allegations of this paragraph.

9. Ms Wilson denies the allegations of this paragraph.

10. Ms Wilson denies the allegations of this paragraph.

11. Ms Wilson denies the allegations of this paragraph.

12. Wilson incorporates by reference her response above to paragraph 1-3

13. Ms Wilson denies the allegations of this paragraph.

14. Ms Wilson denies the allegations of this paragraph.

15. Wilson incorporates by reference her response above to paragraph 1-3

16. Ms Wilson denies the allegations of this paragraph.

17. Ms Wilson denies the allegations of this paragraph.

a) Wilson is without knowledge or information to form a belief as to the truth of these allegations and therefore denies each and every allegation.

18. Ms Wilson denies the allegations of this paragraph.

19. Ms Wilson denies the allegations of this paragraph.

20. Ms Wilson denies the allegations of this paragraph.

21. Wilson incorporates by reference her response above to paragraph 1-3

22. Ms Wilson does not deny this paragraph.

23. Ms Wilson denies the allegations of this paragraph..

24. Wilson incorporates by reference her response above to paragraph 1-3

25. Ms Wilson does not deny this paragraph.

26. Ms Wilson denies the allegations of this paragraph.

27. Ms Wilson denies the allegations of this paragraph.

## Further Statements of Defense

Wilson kept detailed records of spending and reported income and expenditures to the court through filing monthly schedules and bank records. Bolter has access to these records and these records were provided to her. Any accusation by Bolter to the contrary is false and pure fabrication.

Wilson turned in every document available to her as requested by the court. Wilson did not convert cash collateral for her own use. Any claims by Plaintiff are no more than claims and accusations and not based on anything real. Any amounts of money toward the first deed of trust would not impact Bolter's claim she has no claim on the real property that is collectable. The first deed of trust holds all value in the property.

Bolter was not informed that her attorneys were foreclosing and when she found out put an end to it by cancelling the foreclosure so any chance of ever collecting money off the property has been rejected by Bolter herself. That along with everything in this lawsuit and the other lawsuits regarding this case have been run by criminal attorneys falsely using the name a of woman who has no involvement. This is just one of many cases where they have lied and stolen from woman and because this is true, Wilson requests this entire case be dismissed.

## AFFIRMATIVE DEFENSES

Wilson asserts the following affirmative defenses in response to Bolter's Claims, undertaking the burden of proof only as to those defenses that actually are or would be deemed affirmative defenses as a matter of law, regardless of how such defenses are described or categorized below.

## FIRST AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

As a First Affirmative Defense to the Claims, Wilson alleges that Bolter's alleged damages, if any, are barred, in whole or in part, to the extent that Bolter has failed to exercise reasonable diligence in mitigating its damages, if any, and to the extent of such failure to mitigate, any damages awarded to Bolter should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

(Set-Off)

As a Second Affirmative Defense to the Claims, Wilson alleges that she is entitled to a set-off for any sums that, without intending limitation, Bolter have received from other sources relating to its claims that are the subject of this action, and/or that Bolter owes Wilson as alleged in Wilson's own Complaint and otherwise.

## THIRD AFFIRMATIVE DEFENSE

(Failure to State a Claim)

As a Third Affirmative Defense to the Claims, WILSON alleges that BOLTER's Claims fail to state facts sufficient to constitute any valid claims for relief against WILSON.

## FOURTH AFFIRMATIVE DEFENSE

(Comparative Fault/Proportion of Fault)

As a Fifth Affirmative Defense to the Claims, WILSON alleges that the losses or damages of which BOLTER complains, if any, were proximately caused by the acts or omissions of BOLTER or other third parties instead of by WILSON. Therefore, BOLTER's recovery, if any, from WILSON must be zero whether intentional or negligent, that is attributable to BOLTER or other persons.

## FIFTH AFFIRMATIVE DEFENSE

(Unclean Hands)

As a Sixth Affirmative Defense to the Claims, WILSON alleges that BOLTER's claims, and relief or recovery in this matter are barred, in whole or in part, by its unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

(Estoppel)

As a Seventh Affirmative Defense to the Claims, WILSON alleges that BOLTER's claims, and relief or recovery in this matter are barred, in whole or in part, by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

(Laches)

As an Eighth Affirmative Defense to the Claims, WILSON alleges that BOLTER's claims and relief or recovery in this matter are barred, in whole or in part, by the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

(Waiver)

As a Ninth Affirmative Defense to the Claims, WILSON alleges that BOLTER's claims, and relief or recovery in this matter are barred, in whole or in part, by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

(Ratification)

As a Tenth Affirmative Defense to the Claims, WILSON alleges that BOLTER ratified the matters in the Claims and that said ratification bars BOLTER's claims and hence BOLTER is barred, in whole or in part, from any relief and/or recovery herein.

### TENTH AFFIRMATIVE DEFENSE

(Consent)

As an Eleventh Affirmative Defense to the Claims, WILSON alleges that at all times mentioned BOLTER consented to the acts and the events set forth in the Claims.

### ELEVENTH AFFIRMATIVE DEFENSE

(Discharge of Obligation)

As a Twelfth Affirmative Defense, WILSON alleges that any alleged obligations of WILSON to BOLTER have been discharged by operation of law.

### TWELVTH AFFIRMATIVE DEFENSE

(Action Filed in Bad Faith)

As a Thirteenth Affirmative Defense, WILSON alleges that it is informed and believes that BOLTER has filed the Claims in bad faith.

### THIRTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

As a Fourteenth Affirmative Defense, WILSON alleges that it acted in good faith in the propriety of the acts and/or omissions that BOLTER alleges in its Claims are attributable to WILSON.

### FOURTEENTH AFFIRMATIVE DEFENSE

(Assumption of Risk)

As a Fifteenth Affirmative Defense, WILSON alleges that, without intending limitation, BOLTER knowingly, willingly, and voluntarily assumed the risk of any and all harm of which it

ANSWER TO CLAIMS
Case No. C 07 2340 JSW
- 6 -
Case: 17-03073   Doc# 4   Filed: 11/30/17   Entered: 11/30/17 17:07:28   Page 6 of 11

now alleges in its Claims against WILSON.

### FIFTHTEENTH AFFIRMATIVE DEFENSE

(No Damages or Other Relief)

As a Sixteenth Affirmative Defense, WILSON alleges, without intending limitation, that BOLTER has not suffered any damage or any other loss (actual or otherwise) caused by the acts or omissions of WILSON that are alleged in BOLTER's Claims.

### SIXTEENTH AFFIRMATIVE DEFENSE

(Fraud and Misrepresentation)

As a Seventeenth Affirmative Defense, WILSON alleges that the alleged obligations which are the subject of the instant action were procured by fraud and misrepresentation by BOLTER. Therefore, BOLTER's claims, and relief or recovery in this matter are barred, in whole or in part.

### SEVENTEENTH AFFIRMATIVE DEFENSE

(Illegality)

As an Eighteenth Affirmative Defense, WILSON alleges that the alleged obligations which are the subject of the instant action are illegal. Therefore, BOLTER's claims, and relief or recovery in this matter are barred, in whole or in part.

### EIGHTEENTH AFFIRMATIVE DEFENSE

(Payment)

As a Nineteenth Affirmative Defense, WILSON alleges that BOLTER has received payment relating to its claims, which are the subject of the instant action. Therefore, BOLTER's claims, and relief or recovery in this matter, must be reduced accordingly.

## NINETEENTH AFFIRMATIVE DEFENSE

(Lack of Capacity to Sue)

As a Twenty-First Affirmative Defense, WILSON alleges that BOLTER lacks the capacity to sue WILSON.

## TWENTYTH AFFIRMATIVE DEFENSE

(Judicial Estoppel)

As a Twenty-Second Affirmative Defense, WILSON alleges that BOLTER's claims, and relief or recovery in this matter are barred, in whole or in part, by judicial estoppel.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

As a Twenty-Third Affirmative Defense, WILSON alleges that BOLTER's claims for unfair business practices and related remedies in the form of, including, but not limited to, restitution and injunction are barred, in whole or in part, because it has an adequate remedy at law.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

(*In Pari Delicto*)

As a Twenty-Fourth Affirmative Defense, WILSON alleges that BOLTER's claims, and relief or recovery in this matter, are barred, in whole or in part, by the doctrine of *in pari delicto*.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

(Voluntary Payment)

As a Twenty-Fifth Affirmative Defense, WILSON alleges that BOLTER voluntarily paid WILSON under its alleged claim of right to that payment and/or with knowledge of facts relating to its alleged claim of right to that payment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Conduct Not Unfair)

As a Twenty-Sixth Affirmative Defense, WILSON alleges that BOLTER's claims and relief or recovery in this matter are barred, in whole or in part, because the acts and/or omissions that BOLTER alleges are attributable to WILSON are not "unfair" within the meaning of Business and Professions Code section 17200, *et seq.*

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Conduct not "Fraudulent" or "Likely to 'Mislead/Deceive'")

As a Twenty-Eighth Affirmative Defense, WILSON alleges that BOLTER's claims and relief or recovery in this matter are barred, in whole or in part, because the acts and/or omissions that BOLTER alleges are attributable to WILSON were not fraudulent, did not mislead or deceive, and/or were not likely to mislead or deceive BOLTER. Moreover, WILSON had no intent to defraud, mislead, or deceive BOLTER.

### .TWENTY-SIXTH AFFIRMATIVE DEFENSE

(Conduct Not "Unlawful")

As a Twenty-Ninth Affirmative Defense, WILSON alleges that BOLTER's claims and relief or recovery in this matter are barred, in whole or in part, because the acts and/or omissions that BOLTER alleges are attributable to WILSON are not "unlawful" within the meaning of Business and Professions Code section 17200, *et seq.*

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Business Judgment/Justification Rule)

As a Thirty-First Affirmative Defense, WILSON alleges that BOLTER's claims and relief or recovery in this matter are barred, in whole or in part, by the Business Judgment/Justification Rule.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Disguised Damages Claim)

As a Thirty-Second Affirmative Defense, WILSON alleges that BOLTER's claims for restitution are barred, in whole or in part, as they constitute disguised claims for damages.

## TWENTY-NINETH AFFIRMATIVE DEFENSE

(Equity)

As a Thirty-Third Affirmative Defense, WILSON alleges that BOLTER's claims for restitution are barred, in whole or in part, because, without intending limitation, any monies that BOLTER paid to WILSON constituted compensation for services rendered by WILSON as BOLTER's agent and exclusive distributor for the nation of Indonesia. WILSON earned said compensation. It would be inequitable to require that WILSON return to BOLTER any compensation that it earned by working for BOLTER.

## THIRTIETH AFFIRMATIVE DEFENSE

(All Other Affirmative Defenses)

As a Thirty-Fourth Affirmative Defense, WILSON alleges all other affirmative defenses that may potentially become available as a result of information developed through discovery or trial. Therefore, WILSON expressly reserves its right to amend its Answer and to assert additional affirmative defenses, and to supplement, alter or change its Answer and affirmative defenses upon revelation through discovery, trial, or otherwise of more definitive facts concerning the instant matter.

## PRAYER

WHEREFORE, WILSON prays as follows:

1. That BOLTER take nothing by its suit.

2. That, if appropriate, WILSON be awarded its attorney's fees incurred in defense of the Claims.

3. That WILSON be awarded its costs of defense in this action.

4. For such other and further relief as the Court may deem just and proper.

Dated: November 28, 2017

ROBIN WILSON

*Robin Wilson*