```
PETER N. HADIARIS, ESQ.
State Bar No. 122590
23 Pleasant Lane
San Rafael, CA 94901
415/694-0052
peter@hadiaris.com
Attorney for plaintiff
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

```
In Re:                              )
                                    )
     ROBIN WILSON                   )    No. 16-31076
                                    )    Chapter 7
                Debtor(s)           )
                                    )
_____)
JUDITH BOLTER,                      )
                                    )
                Plaintiff,          )    Adv. No. 17-03073
                                    )
v.                                  )    DECLARATION SUPPORTING
                                    )    MOTION TO DISMISS
ROBIN WILSON                        )    UNDER FRBP 7041
                                    )
                Defendants.         )
_____)
```

I, Peter N. Hadiaris, declare:

1. I am the attorney for the plaintiff in this case. I have personal knowledge of the facts in this declaration, and can testify to them competently if called as a witness.

2. Plaintiff has settled her individual claims against the debtor on the terms set forth in the attached settlement agreement. After this action was filed, plaintiff formed an LLC, 7.83 Hz LLC, to hold her promissory note; both plaintiff and the LLC are parties to the settlement. A copy of the settlement

1

agreement is attached as exhibit 1.

3. The terms of the settlement are that the parties are releasing each other from their respective claims, without any money changing hands. Wilson's agreement to dismiss her appeal of the state court judgment in Bolter's favor on Wilson's claims is only effective once the claims are abandoned back to her, which is the subject of a stipulation with the trustee to abandon, but is not conditioned on her receiving a discharge. Bolter's release of her claims against Wilson is effective regardless of whether Wilson receives a discharge in this bankruptcy case.

4. The settlement does not entitle Wilson to a discharge and is not conditioned on the court granting this motion. However, Bolter acknowledges that the settlement deprives her of standing to pursue this action, because she no longer has any financial interest in the question of whether Wilson receives a discharge. It is the parties' understanding that further prosecution of the action will require a real party in interest to agree to continue prosecution of the objection to discharge to meet constitutional and prudential standing requirements.

5. The settlement agreement allows Bolter to cooperate in transferring the case to a new party in interest, should one express interest, and does not contain a confidentiality clause.

6. Pursuant to the settlement agreement, Bolter has already filed an acknowledgment of satisfaction of judgment with the San Francisco County Superior Court, and Bolter does not intend to

pursue this matter further.

    Executed May 20, 2019 in San Rafael, CA. I declare under penalty of perjury that the foregoing is true and correct.

                                  ***Peter N. Hadiaris***
                                  Peter N. Hadiaris

EXHIBIT 1

# MUTUAL GENERAL RELEASE
## May 10, 2019

**This mutual release is made between Judith Bolter and 7.83 Hz LLC, (collectively "Bolter") on the one hand and Robin Elaine Wilson, ("Wilson") on the other hand.**

      **1. Mutual Release.** Bolter and Wilson release each other and their respective employees, attorneys, successors, assigns, subsidiaries and affiliates, from any and all causes of action, demands or claims, known and unknown, which they may now have against each other, except as reserved in this agreement. Wilson also releases Corey Bolter, AB Real Estate & Investments, and Redwood Trust Deed Services from the claims asserted in *Wilson v. Bolter*, San Francisco Superior Court No. CGC 14-543248. Wilson's release is effective immediately on claims currently held by her, and effective upon re-acquisition by Wilson of claims currently held by her bankruptcy trustee.

      Wilson's release excludes Drexel A. Bradshaw, Bradshaw & Associates PC, and BAPC Holding LLC as releasees. In other words, Wilson maintains and preserves all claims and potential claims against those parties. Bolter retains the right to receive a dividend on her unsecured claim in Wilson's bankruptcy if the trustee ever administers assets for the benefit of unsecured creditors, but Bolter will not actively participate in the case. Bolter's release is of Wilson's personal liability for Bolter's claims, including any alleged liability for Wilson's handling of collateral, but does not affect Bolter's rights in collateral against third parties, such as Bolter's claim to the surplus in the senior lienholder's foreclosure sale.

      2. **Settlement Payment**. No money is changing hands as a result of this settlement. This is not an admission of lack of merit in the underlying claims. Each releasing party acknowledges that the claims released are disputed, and no party to this release admits liability on any claim.

      3. **Section 1542 Waiver.** All releasing parties waive the provisions of Civil Code section 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

and which would otherwise limit the effect of this release to known claims. Each party acknowledges having the opportunity to review their affairs to determine the possible existence of other claims before signing this release. This mutual release is intended to be a complete statement of the parties' agreement, and each party warrants that he or they have not relied upon any promises or representations of the other not recited in this release.

      4. **Resolution of Litigation**. The purpose of this settlement is to bring to an end the lengthy and expensive litigation between Bolter and Wilson, which all parties acknowledge is

Case: 17-03073    Doc# 18-1    Filed: 05/20/19    Entered: 05/20/19 15:18:42    Page 5 of 8

unlikely to result in any tangible benefits going forward. To implement this purpose:

(a) Wilson has obtained from Chapter 7 Trustee Barry Milgrom a Stipulation for abandonment of her claims in *Wilson v. Bolter*, CGC 14-543248, which are now the subject of two appeals in the Court of Appeal for the First District, styled No. A149547 and A149689. Bolter will promptly notice the stipulation to parties in interest and, upon expiration of the time to object, present it to Judge Montali of the Bankruptcy Court as a proposed Order. Bolter will make a good faith effort, such as by ex parte application or other expedited methods, whether formal or informal, to obtain approval by Judge Montali as quickly as possible. But Bolter does not guarantee that any such efforts will succeed, and Wilson understands that all timing issues are subject to Judge Montali's discretion.

Wilson shall immediately upon the execution of this Mutual Agreement file in the Court of Appeal Notices of Settlement in regard to the two appeals. The Notices shall state that final dismissal of the appeals requires an Order of Abandonment by the Bankruptcy Court. The Notices shall attach this executed Mutual Release. After the Bankruptcy Court has issued its Order of Abandonment, Wilson shall immediately file final dismissals of the two appeals.

(b) Bolter shall immediately after execution by the parties of this Mutual Release file a motion to dismiss *Bolter v. Wilson*, United States Bankruptcy Court No. 17-03073. Bolter will make a good faith effort, such as by ex parte application or other expedited methods, whether formal or informal, to obtain approval by Judge Montali as quickly as possible. But Bolter does not guarantee that any such efforts will succeed, and Wilson understands that all timing issues are subject to Judge Montali's discretion.

(c) Bolter shall immediately file an acknowledgment of full satisfaction of judgment in *Wilson v. Bolter*, CGC 14-543248.

5. **Motion to Dismiss Objection to Discharge.** The parties acknowledge that Bolter's motion to dismiss her objection to Wilson's discharge in Bolter v. Wilson, No. 17-03073, requires Bankruptcy Court approval, after notice to other parties in interest, which is in the Court's discretion. There is a possibility that another creditor, the Chapter 7 trustee, or the US Trustee, might intervene to continue the objection, or the court might exercise its discretion to deny or condition dismissal. **In that event, Bolter acknowledges that the release in ¶1 deprives Bolter of a financial interest in the outcome of the objection, and therefore deprives her of standing under Article III of the US Constitution to pursue the matter further.** Bolter also agrees that she will do nothing to encourage any other party to so intervene, other than provide notice as required by law, make the file available if intervention occurs, and obey any court orders.

Put another way, for the avoidance of doubt or any possible lack of clarity, given that neither Wilson nor Bolter is an attorney, what the parties are agreeing to here is a way for Wilson to safely file an immediate dismissal of her two appeals, without waiting for the necessarily extended time for the Bankruptcy Court to act on Bolter's motion to dismiss her objection to Wilson's discharge. This is accomplished by Bolter hereby, in this Agreement,

giving Wilson an immediately effective release, not conditional upon the outcome of the Bankruptcy Court motion, of any and all claims Bolter has or may have to receive money from Wilson, whether from the outstanding judgment against Wilson and in favor of Bolter in the Superior Court case, or otherwise.

Therefore, Bolter is accepting whatever risk may exist that something occurs in the Bankruptcy Court which prevents or denies the discharge of the judgment Bolter holds against Wilson and any other money claim Bolter may have. Bolter is hereby agreeing that her immediate and unconditional release herein of any such non-discharged judgment or other claim against Wilson means that Bolter can never have any right to receive or obtain any money related to those claims even though the claims might end up being non-discharged in the Bankruptcy proceeding.

6. **Authority to Settle**. Each party warrants that she/it is the owner of its respective claims in this case, and has authority to settle them. This means, without intending limitation and without limiting the generality of the foregoing, that Bolter has not at any time transferred, assigned or conveyed any ownership interest in any claim or portion of any claim against Wilson to Drexel Bradshaw or Peter Hadiaris, anyone ever affiliated or associated with Drexel Bradshaw or Peter Hadiaris, or any other person not a party to this Agreement. In other words, Bolter affirms that she is the sole and complete owner of any claim or portion of any claim that she has, has ever had, or may ever have, against Wilson. Wilson's warranty is subject to the rights of her bankruptcy trustee. Each party shall indemnify the other for any claim made by or on behalf of third parties to any interest in any of claims released, or the proceeds of the settlement.

7. **No Confidentiality.** Even if this mutual release is signed at or in connection with a mediation or other confidential proceeding, the parties agree that this agreement may be introduced in evidence in any proceeding to enforce its terms, and needs to be disclosed to other parties in interest in Wilson's bankruptcy case.

8. **Governing Law.** This agreement is governed by California and US Bankruptcy law. For purposes of interpreting this agreement, the parties have mutually drafted and approved this agreement, and neither party is the drafter for purposes of Civil Code §1654.

9. **Entire Agreement.** This is the entire agreement between the parties with respect to this settlement. In entering into this agreement, no party has relied on any representation or promise not contained in this agreement. Any amendment, waiver, extension, or other change in the parties' rights under this agreement must be in writing and signed by each affected party.

10. **Attorneys**. Each party acknowledges that she/it has been advised by their attorney in the merits of the underlying claim and the advisability of settlement.

Dated: May ____, 2019                    Dated: May _13_ 2019,

_Judith Bolter_
individually and on

Judith Bolter,
Individually and on
behalf of 7.83 Hz LLC

behalf of 7.83 Hz LLC

_Robin Wilson_

Robin Wilson
_Judith Bolter_
individually and on